IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND.

Azell Malone,

Plaintiff,

v.

Lockheed Martin Corporation
and Carl Supancic,

Defendants.

Civil Action No.: 07-65 T

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

## I. Introductory Statement

Lockheed Martin Corporation ("Lockheed") and Carl Supancic ("Supancic") deny the allegations of the Complaint except as admitted or qualified herein. For their Answer to Plaintiff's Complaint, Defendants state as follows:

## II. Parties

1. With regard to Paragraph 1 of Plaintiff's Complaint, admit.

2. With regard to Paragraph 2 of Plaintiff's Complaint, admit that Lockheed is a Maryland corporation with operations in Rhode Island. To the extent the allegations of Paragraph 2 constitute legal conclusions, no response is required.

3. With regard to Paragraph 3 of Plaintiff's Complaint, admit that Supancic is a Rhode Island resident at the stated address and that he is employed in a supervisory capacity by Lockheed. With regard to the remaining allegations, the Complaint speaks for itself.

## III. Exhaustion of Administrative Remedies

4. With regard to Paragraph 4 of Plaintiff's Complaint, admit.

5. With regard to Paragraph 5 of Plaintiff's Complaint, admit.

6. With regard to Paragraph 6 of Plaintiff's Complaint, the allegations of Paragraph 6 constitute legal conclusions, to which no response is required.

## IV. Allegations Common to All Causes of Action

7. With regard to Paragraph 7 of Plaintiff's Complaint, admit.

8. With regard to Paragraph 8 of Plaintiff's Complaint, admit.

9. With regard to Paragraph 9 of Plaintiff's Complaint, admit.

10. With regard to Paragraph 10 of Plaintiff's Complaint, admit that Supancic was Plaintiff's direct supervisor beginning in November 2000. Deny that Supancic became Plaintiff's direct supervisor in or about late 2002/early 2003.

11. With regard to Paragraph 11 of Plaintiff's Complaint, deny.

12. With regard to Paragraph 12 of Plaintiff's Complaint, deny.

13. With regard to Paragraph 13 of Plaintiff's Complaint, deny.

14. With regard to Paragraph 14 of Plaintiff's Complaint, deny.

15. With regard to Paragraph 15 of Plaintiff's Complaint, admit.

16. With regard to Paragraph 16 of Plaintiff's Complaint, Defendants are without knowledge sufficient to admit or deny what the Plaintiff learned.

17. With regard to Paragraph 17 of Plaintiff's Complaint, Defendants are without knowledge sufficient to admit or deny what the Plaintiff learned.

18. With regard to Paragraph 18 of Plaintiff's Complaint, admit that Plaintiff reported the allegations set forth in Paragraphs 16-17 of the Complaint to Supancic. Deny that the investigation was conducted by Supancic.

19. With regard to Paragraph 19 of Plaintiff's Complaint, admit.

20. With regard to Paragraph 20 of Plaintiff's Complaint, deny.

21. With regard to Paragraph 21 of Plaintiff's Complaint, admit.

22. With regard to Paragraph 22 of Plaintiff's Complaint, deny.

23. With regard to Paragraph 23 of Plaintiff's Complaint, admit.

24. With regard to Paragraph 24 of Plaintiff's Complaint, deny.

25. With regard to Paragraph 25 of Plaintiff's Complaint, admit.

26. With regard to Paragraph 26 of Plaintiff's Complaint, deny.

27. With regard to Paragraph 27 of Plaintiff's Complaint, deny.

28. With regard to Paragraph 28 of Plaintiff's Complaint, admit.

29. With regard to Paragraph 29 of Plaintiff's Complaint, deny.

30. With regard to Paragraph 30 of Plaintiff's Complaint, deny.

31. With regard to Paragraph 31 of Plaintiff's Complaint, deny.

32. With regard to Paragraph 32 of Plaintiff's Complaint, admit.

33. With regard to Paragraph 33 of Plaintiff's Complaint, admit.

34. With regard to Paragraph 34 of Plaintiff's Complaint, deny.

35. With regard to Paragraph 35 of Plaintiff's Complaint, admit.

36. With regard to Paragraph 36 of Plaintiff's Complaint, admit.

37. With regard to Paragraph 37 of Plaintiff's Complaint, deny.

38. With regard to Paragraph 38 of Plaintiff's Complaint, deny.

39. With regard to Paragraph 39 of Plaintiff's Complaint, admit that Plaintiff made the report alleged. Deny that such incidents occurred.

40. With regard to Paragraph 40 of Plaintiff's Complaint, deny.

41. With regard to Paragraph 41 of Plaintiff's Complaint, deny.

42. With regard to Paragraph 42 of Plaintiff's Complaint, deny.

43. With regard to Paragraph 43 of Plaintiff's Complaint, deny.

44. With regard to Paragraph 44 of Plaintiff's Complaint, deny.

## V. Claims For Relief

45. With regard to Paragraph 45 of Plaintiff's Complaint, Defendants incorporate by reference herein their responses to the allegations of paragraphs 1 through 44 of the Complaint.

### Count One
### Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2(a)(1)

46. With regard to Paragraph 46 of Plaintiff's Complaint, deny.

### Count Two
### Violation of the Fair Employment Practices Act, R.I.G.L. § 28-5-1, et seq.

47. With regard to Paragraph 47 of Plaintiff's Complaint, deny.

### Count Three
### Violation of the Rhode Island Civil Rights Act, R.I.G.L. § 42-112-1, et seq.

48. With regard to Paragraph 48 of Plaintiff's Complaint, deny.

### Count Four
### Violation of the Rhode Island Whistleblowers' Protection Act, R.I.G.L § 28-50-1, et seq.

49. With regard to Paragraph 49 of Plaintiff's Complaint, deny.

## Affirmative Defenses

1. Except as admitted or qualified herein, Defendant denies the allegations of the Complaint.

2. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

3. Defendants assert the defense of the Statute of Limitations.

4. Defendants assert that the Plaintiff has failed to exhaust his administrative remedies before the Rhode Island Commission for Human Rights, thereby barring claims made in Count Two.

5. All actions by Defendants were based on legitimate business considerations and were made in good faith and in compliance with the provisions of state and federal law, rules and regulations.

6. Lockheed has policies and procedures in place reasonably promulgated to prevent discrimination, retaliation and other unwelcome conduct in the workplace.

7. Plaintiff's damages, if any, were caused or contributed to by his own actions over which Defendants had no control.

8. Plaintiff has failed to mitigate his damages, if any.

9. As a separate and alternative defense to Plaintiff's Complaint, Defendants allege that claims contained in the Complaint may be barred by any or all of the affirmative defenses contemplated by Rule 8(c) of the Federal Rules of Civil Procedure. To the extent that Plaintiff's claims may be barred by one or more of the said affirmative defenses not specifically set out above, it cannot be determined until Defendants have the opportunity to complete discovery. Defendants, therefore, incorporate all such affirmative defenses as if fully set forth herein.

**WHEREFORE**, Defendants request that the Court dismiss Plaintiff's claims with prejudice, enter judgment in favor of Defendants, and award costs, disbursements, reasonable attorneys' fees, and such other relief as the Court deems to be just and equitable.

LOCKHEED MARTIN CORPORATION AND CARL SUPANCIC
By their Attorney,

_/s/ Mark T. Reynolds_____________
Mark T. Reynolds, Esq. #4764
REYNOLDS, DeMARCO & BOLAND LTD.
170 Westminster Street, Suite 200
Providence, Rhode Island 02903
Telephone: 401.861.5522
Facsimile: 401.331.4861
Email: mtreynolds@conversent.net

and

**BLACKWELL BURKE PA**
Tamika R. Nordstrom #275463
Keesha M. Gaskins #310074
33 South Sixth Street
Suite 4600
Minneapolis, Minnesota 55402
Telephone: 612.343.3200
Facsimile: 612.343.3205

CERTIFICATION

I hereby certify that on 23 February 2007 I served a copy of the within electronically upon:

| | |
|---|---|
| Michael F. Drywa, Jr., Esquire<br>michael@simsandsimsllp.com | |

__/s/ Mark T. Reynolds_______________