**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

---

Azell Malone,

Plaintiff,

v.

C.A. No: 07-65-T

Lockheed Martin Corporation
And Carl Supancic,

Defendants.

---

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' OBJECTION TO PLAINTIFF'S EMERGENCY MOTION TO EXTEND DISCOVERY DEADLINE**

This Court issued its Scheduling Order on June 7, 2007 providing that discovery would extend through November 1, 2007. The parties promptly exchanged written discovery in July 2007 and conducted depositions of the key witnesses on August 20-21, 2007. Plaintiff made no further efforts to conduct additional written discovery or depositions until October 2, 2007, when Plaintiff requested two additional depositions of Lockheed Martin employees. Defendants produced these witnesses, and their depositions took place on October 24, 2007. Plaintiff now alleges that he would like to take 2-4 more depositions. When Defendants inquired as to whose deposition Plaintiff still wanted to take, several if not all of the persons named were individuals who have been known to Plaintiff from the beginning of the case and named as persons with knowledge of facts relevant to this lawsuit by the Plaintiff himself in Plaintiff's Complaint and/or Plaintiff's Answers to Interrogatories.

Defendants are ready to proceed with a motion for summary judgment. The current dispositive motion deadline is November 30, 2007. This deadline would necessarily be

postponed should Plaintiff's requested extension be granted. Defendants seek to pursue an expeditious resolution to this matter, and Plaintiff simply has no stated grounds to justify a delay.

## ARGUMENT

"[T]he regulation of discovery is very much the district court's province and the denial of an extension is tested only for abuse of discretion." *U.S. v. Sayer*, 450 F.3d 82, 89-90 (1st Cir. 2006). "We will intervene in such matters only upon a clear showing of manifest injustice, that is, where the lower court's discovery order was plainly wrong and resulted in substantial prejudice to the aggrieved party." *Ayala-Gerena v. Bristol Myers-Squibb Co.*, 95 F.3d 86, 91 (1st Cir. 1996) (quoting *Mack v. Great Atlantic and Pacific Tea Co., Inc.*, 871 F.2d 179, 186 (1st Cir. 1989)).

In this case, ample time was given to the parties to conduct the relevant and necessary discovery. Plaintiff's inexplicable delay in proceeding with discovery is not justifiable nor a basis for extending discovery. There is no rule requiring Plaintiff to attend any deposition other than his own, nor is his inability to attend a deposition grounds for extending the discovery deadline. Plaintiff's assignment to Wisconsin should have no bearing on his counsel's ability to assess the relevant facts and witnesses and conduct a deposition. Most communications between attorney and client are done via telephone, and there is no assertion that Plaintiff did not have telephone access in Wisconsin. Defendants are in Minnesota and Rhode Island, while primary counsel is located in Atlanta, and we have not had difficulty conferring regarding the efficient and timely processing of this case.

Further, there has been no new information or discoveries during the course of the discovery period which would warrant an extension at this point. The persons Plaintiff now seeks to depose were all known of and listed by Plaintiff in either his Complaint or his responses

to interrogatories as persons he believed had knowledge relevant to his claims. There were no requests for depositions made by Plaintiff for a full six weeks during the discovery period. Had such requests been made, Defendants could have easily accommodated them and completed discovery within the time frame provided by the Court. Plaintiff's request for an extension at this stage of the proceedings is unwarranted and due to his own lack of diligence.

LOCKHEED MARTIN CORPORATION AND
CARL SUPANCIC
By their Attorney,

MILLER & MARTIN PLLC

/s/ Tamika R. Nordstrom
Tamika R. Nordstrom MN#275463
1170 Peachtree Street, N.E., Suite 800
Atlanta, Georgia 30309-7706
Telephone: 404.962.6413
Facsimile: 404.962.6315
Email: tnordstrom@millermartin.com

and

/s/ Mark T. Reynolds
Mark T. Reynolds, Esq. #4764
REYNOLDS, DeMARCO & BOLAND LTD.
170 Westminster Street, Suite 200
Providence, Rhode Island 02903
Telephone: 401.861.5522
Facsimile: 401.331.4861
Email: mtreynolds@conversent.net

[Certification continued on following page]

CERTIFICATION

I hereby certify that on October 30, 2007 I served a copy of the within electronically upon:

Michael F. Drywa, Jr., Esquire
michael@simsandsimsllp.com

/s/ Tamika R. Nordstrom