UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

---

Azell Malone,

Plaintiff,

C.A. No: 07-65-T

v.

Lockheed Martin Corporation
And Carl Supancic,

Defendants.

---

## DEFENDANTS' OBJECTION TO PLAINTIFF'S EMERGENCY MOTION FOR SANCTIONS

Defendants Lockheed Martin Corporation ("Lockheed Martin") and Carl Supancic object to Plaintiff's Emergency Motion for Sanctions. As set forth in the accompanying Memorandum of Law, pursuant to Federal Rules of Civil Procedure 30(b)(3) and applicable case law, Defendants' counsel's attorney-client privilege objections were properly asserted and did not unduly interfere with deposition testimony. As such, Plaintiff's Emergency Motion for Sanctions is without basis.

**WHEREFORE,** Defendants respectfully request that Plaintiff's Emergency Motion for Sanctions be denied in its entirety.

LOCKHEED MARTIN CORPORATION AND
CARL SUPANCIC
By their Attorney,

MILLER & MARTIN PLLC

/s/ Tamika R. Nordstrom
Tamika R. Nordstrom MN#275463
1170 Peachtree Street, N.E., Suite 800
Atlanta, Georgia 30309-7706
Telephone: 404.962.6413
Facsimile: 404.962.6315
Email: tnordstrom@millermartin.com
and

/s/ Mark T. Reynolds
Mark T. Reynolds, Esq. #4764
REYNOLDS, DeMARCO & BOLAND LTD.
170 Westminster Street, Suite 200
Providence, Rhode Island 02903
Telephone: 401.861.5522
Facsimile: 401.331.4861
Email: mtreynolds@conversent.net

CERTIFICATION

I hereby certify that on November 19, 2007 I served a copy of the within electronically upon:

Michael F. Drywa, Jr., Esquire
michael@simsandsimsllp.com

/s/ Tamika R. Nordstrom

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

---

Azell Malone,

Plaintiff,

C.A. No: 07-65-T

v.

Lockheed Martin Corporation
and Carl Supancic,

Defendants.

---

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' OBJECTION TO PLAINTIFF'S EMERGENCY MOTION FOR SANCTIONS

### I. Introduction

Defendants Lockheed Martin Corporation ("Lockheed Martin") and Carl Supancic object to Plaintiff Azell Malone's emergency motion for sanctions. Plaintiff's allegation that Defendants' counsel interfered with witness testimony and/or intimidated a witness is unfounded and inconsistent with the facts. Further, Defendants' counsel's assertion of attorney-client privilege is supported by well-established United States Supreme Court case law, providing that attorney-client privilege extends to lower level employees under the circumstances applicable to this matter. If anything, the inappropriate conduct committed in the October 24, 2007 depositions was by Plaintiff's attorney, who badgered the witness into confusion and frustrated his own process in attempts to obtain privileged information.

### II. Relevant Facts

On October 2, 2007, during the discovery process, Plaintiff's counsel requested that Lockheed Martin produce Richard Goulart and Keith Cobb, two of its employees, for

depositions.[1] Plaintiff's counsel further inquired whether Lockheed Martin would guarantee their presence or if it would be necessary to subpoena them. Defendants' counsel stated that Lockheed Martin would "defend and produce" these employees for the requested depositions. The term "defend and produce" making clear that Defendants' counsel was representing these employees for purposes of their scheduled depositions. There was no ambiguity about representation of these Lockheed Martin employees during their depositions.

On October 24, 2007, Lockheed Martin produced Mr. Goulart and Mr. Cobb for their scheduled depositions as promised. During Mr. Goulart's deposition, Plaintiff's counsel continuously badgered Mr. Goulart for information regarding conversations between Mr. Goulart and Defendants' counsel, over and above Defendants' counsel's objection on the basis of attorney-client privilege.[2] At the very beginning of the deposition, when it was clear that Plaintiff's counsel was not going to respect the boundaries of attorney-client privilege, Defendants' counsel stated: "I am representing him today. And I have represented that to you as well. That's why he's appearing without subpoena today."[3]

Notwithstanding Plaintiff's counsel's attempts to confuse Mr. Goulart, Mr. Goulart ultimately acknowledged that he knew that he was being represented as a Lockheed Martin employee for purposes of the deposition only.

> Mr. Drywa: Are you aware that you could have had your own attorney present today?
>
> A. No, not - - no.
>
> Q. Did Mr. Supancic tell you you had a right to have an attorney with you today?

---

[1] Attached as Exhibit 1 is the October 2, 2007, email correspondence between Michael Drywa and Tamika Nordstrom, counsel for the parties in this matter.
[2] Attached as Exhibit 2 are the relevant and cited portions of the deposition transcript of Richard Goulart. A complete copy of Mr. Goulart's deposition transcript is attached to Plaintiff's Memorandum of Law at Exhibit E.
[3] Ex. 2, page 8.

A. No.

Q. Did Ms. Nordstrom say that to you?

A. No, sir.

Q. Okay. So let's go back.

Ms. Nordstrom: Just for the record, I'd like to state that I told him I was his attorney for today. So he understood that he was represented.

The Witness: Oh, I did as far as a point with Lockheed. I didn't know this - - I was being protected.[4]

Despite this testimony, Plaintiff's counsel continued to aggressively attempt to get Mr. Goulart to waive attorney-client privilege and discuss conversations between himself and counsel. Defendants' counsel asserted on several occasions that Mr. Goulart was represented and that Plaintiff's counsel should move on and stop trying to elicit privileged information It was Plaintiff's counsel's continued pressuring that left Mr. Goulart confused and intimidated by the entire process, rather than any conduct by Defendants' counsel.

Plaintiff quoted, in part, and cited the following testimony in his supporting memorandum of law, which reflects Mr. Goulart's perception of the whole process after Plaintiff's counsel's attempts to elicit privileged information:

Mr. Drywa: Are you afraid by coming here today and giving testimony that you may suffer some form of retaliation by Mr. Supancic?

A. I'm intimidated by the whole thing. Because I don't know what to expect - -

Q. I understand that.

A. - - from everything that's happened. I don't know what to expect.

[4] Ex. 2, page 11.

> Q. Well, let me just ask you again. Do you believe that you're at risk for some form of retaliation if you come here and testify today?
>
> A. I did think that may be a possibility - -
>
> Q. Okay.
>
> A. - - you know, from maybe both parties. I don't know, but I just want to tell the truth.
>
> Q. Okay.
>
> A. I didn't know it was this detailed.[5]

Subsequent to this exchange, Plaintiff's counsel also took it upon himself to attempt to educate Mr. Goulart on the attorney-client privilege, which further confused and intimidated Mr. Goulart. Plaintiff neglected to highlight the following exchange in his memorandum of law:

> Mr. Drywa: And correct me if I'm wrong, Tamika, but as you indicated, that you don't believe that he understands what the privilege means.
>
> Ms. Nordstrom: Despite my attempts to educate him, it appears not.
>
> Mr. Drywa: All right. And that you hold the privilege, meaning it's up to you to decide whether you want to disclose the communication between your lawyer and yourself. It's not up to your lawyer. Do you understand that?
>
> A. Oh. Right.
>
> Q. Okay. So if your lawyer directs you not to answer a question put before you on the basis of privilege - -
>
> A. Right.
>
> Q. - - you - - you understand that it's up to you to decide whether to respond to the question, not up to your lawyer. You hold the privilege. Do you understand that?
>
> A. I understand that. But I thought it was if I hired a lawyer, that somebody would be directing me. I didn't know - -

[5] Ex. 2, pages 15-16.

Q. That's correct.

A. - - I was being controlled. I thought I was just gonna be asked questions and answer freely.

Q. I thing that is a proper understanding of your role here today.

Ms. Nordstrom: For the record, I'm not sitting here as your lawyer to control you.

The Witness: Oh, I understand. I understand. I didn't know it fully.

Mr. Drywa: Then let me just submit to you this, that if you are inclined to answer a question I put forth to you, then feel free to do so regardless of what Ms. Nordstrom may tell you. Do you understand?

A. I do. I understand that.

Q. Okay.

A. But that's - -

Ms. Nordstrom: You also understand that I may direct you not to answer. It's your choice to decide to answer - -

The Witness: Right.

Ms. Nordstrom: - - over my recommendation; but that I will be giving you those recommendations if he asks you questions that I believe are protected by attorney/client privilege.

Mr. Drywa: Are you okay, Mr. Goulart? I hate to put you in a situation like this; but I didn't anticipate this coming up. Are you all right?

The Witness: Yeah. I'm - -

Mr. Drywa: You want to take a minute and collect your thoughts?

The Witness: I don't know what to think. I didn't know it was so lined up. Like I said, I thought I was just a witness coming in to answer.[6]

---

[6] Ex. 2, pages 21-23.

At the conclusion of this exchange, Mr. Goulart stated "I'm intimidated to say anything now."[7] As reflected by the transcript, Plaintiff's counsel spent ample time and effort causing any perceived intimidation during his attempts to persuade Mr. Goulart to waive privilege.

As evidenced by the testimony, Defendants' counsel's only offense under the circumstances presented here was to rightly attempt to preserve the existing attorney/client privilege.

## III. Argument

### A. Standard For Reviewing A Motion For Sanctions

The standard applied to a motion for sanctions for alleged inappropriate conduct during a deposition is set forth within the Federal Rules of Civil Procedure 30(b)(3), which states:

> If the court finds that any impediment, delay, or other conduct has frustrated the fair examination of the deponent, it may impose upon the persons responsible an appropriate sanction, including the reasonable costs and attorney's fees incurred by any parties as a result thereof.

Fed. R. Civ. P. 30(b)(3). "We have long recognized that the decision as to whether discovery sanctions are warranted and the choice of what sanctions should be imposed are matters within the sound discretion of the trial court." *Sheppard v. River Valley Fitness One, L.P.*, 428 F.3d 1, 6 (1st Cir. 2005).

In the instant case, Defendant's counsel did not frustrate the fair examination of the deponent. The deposition proceeded to completion and Plaintiff's counsel had the opportunity to ask the witness about any and all facts related to the litigated matter. Defendant's counsel properly objected to questioning which would elicit information protected by attorney-client privilege and only under those circumstances instructed the witness not to answer. *See* Fed. R. Civ. P. 30(d)(1) ("A person may instruct a deponent not to answer only when necessary to

[7] Ex. 2, page 24.

preserve a privilege . . . ."). This is not the kind of conduct that courts have found sanctionable. *See, e.g., Pucket v. Hot Springs School Dist. No. 23-2*, 239 F.R.D. 572, 588 (D.S.D. 2006) (in denying request for sanctions pursuant to Fed R. Civ. P. 30(d)(3), court rules "after reviewing the depositions, the court finds that most of the objections were appropriate because the questions were in fact objectionable. Second, the court finds that plaintiffs' counsel only instructed the deponent not to answer when asserting privilege. Third, most of the objections were stated in a concise, non-argumentative manner, thereby complying with Fed.R.Civ.P. 30(d)(2).")(internal citations omitted); *Breaux v. Haliburton Energy Services*, 2006 WL 2460748 at *4 (E.D.La. August 22, 2006)[8] ("There is no evidence that [the witness] changed her answers based on counsel's objections. Without a finding of delay, impediment, or other conduct of counsel wherein they suggested answers to the witness, the Court cannot conclude that opposing counsels' objections frustrated the fair examination of [the witness]. Accordingly, the Court will not impose sanctions under Rule 30(d)(3).")(internal citations omitted).

As set forth in detail below, Defendant's counsel only sought to prevent disclosure of attorney-client privileged information, and such conduct does not warrant sanctions.

**B. Defendants' Counsel Properly Asserted Attorney-Client Privilege Objections**

Plaintiff alleges that Defendants' counsel's assertion of attorney-client privilege during the deposition of Mr. Goulart violated Rhode Island Rules of Professional Conduct 1.13, 1.7 and that sanctions should be granted pursuant to Federal Rules of Civil Procedure 30(d)(3). To the contrary, Plaintiff completely ignores well established United States Supreme Court case law regarding the attachment of attorney-client privilege to matters discussed between a corporation's lawyer and its employees for purposes of aiding the corporation in its defense to a litigated matter.

[8] Unpublished opinion attached as Exhibit 3.

The United States Supreme Court has ruled that attorney-client privilege attaches to certain communications between a corporation's lawyers and its lower level corporate employees. *See Upjohn Co. v. United States*, 449 U.S. 383 (1981); *see also Commodity Futures Trading Comm'n*, 471 U.S. 343, 348 (1985) ("we considered whether the privilege covers only communications between counsel and top management, and decided that, under certain circumstances, communications between counsel and lower-level employees are also covered.").

> If the employee making the communication, of whatever rank he may be, is in a position to control or even to take a substantial part in a decision about any action which the corporation may take upon the advice of the attorney, . . . then, in effect, he is (or personifies) the corporation when he makes his disclosure to the lawyer and the privilege would apply.

*Upjohn,* 449 U.S. at 390 (quoting *Philadelphia v. Westinghouse Electric Corp.*, 205 F. Supp. 830, 831 (E.D. Pa. 1963)). "[A]n employee has a duty to assist his employer's counsel in the investigation and defense of matters pertaining to the employer's business." *In re Grand Jury Subpoena*, 274 F.3d 563, 571 (1st Cir. 2001). "In a corporation, it may be necessary to glean information relevant to a legal problem from middle management or non-management personnel as well as from top executives." *Upjohn*, 449 U.S. at 391. "Consistent with the underlying purposes of the attorney-client privilege, these communications must be protected against compelled disclosure." *Id.* at 395.

*Upjohn* also confirms that opposing counsel suffers nothing in the assertion of attorney-client privilege by a corporate employee because only the communications are protected, not the facts. *Upjohn*, 449 U.S. at 395-96.

> The protection of the privilege extends only to *communications* and not to facts. A fact is one thing and a communication concerning that fact is an entirely different thing. The client cannot be compelled to answer the question, "What did you say or write to the attorney?" but may not refuse to disclose any relevant

> fact within his knowledge merely because he incorporated a statement of such fact into his communication to his attorney.

*Id.* (quoting *Philadelphia v. Westinghouse Electric Corp.*, 205 F. Supp. 830, 831 (E.D. Pa. 1963)).

In this case, Defendant's counsel had discussions with Mr. Goulart, a Lockheed Martin employee who was being produced by the company for purposes of giving his deposition in a litigated matter involving the company. Given the request to take Mr. Goulart's deposition, it was reasonable to assume that Mr. Goulart may have had information that would be helpful in assisting in Lockheed Martin's defense to this litigation. Under such circumstances, the *Upjohn* case dictates that those discussions are protected by attorney-client privilege.

Mr. Goulart has not filed any complaint or claim against Lockheed Martin regarding his 2004 whistleblower status that would create any conflict of interest, as alleged by Plaintiff. As such, Lockheed Martin had no reason to believe his interests to be contrary to its own or to preclude Lockheed Martin's counsel from representing him during a deposition to which he was called to testify regarding incidents that occurred during the scope of his employment with the company.

Pursuant to *Upjohn*, the company's counsel is entitled to ascertain facts from such an employee in a privileged setting for purposes of assisting the company in its defense. As *Upjohn* further provides, the <u>facts</u> remain subject to disclosure, simply not the communications between attorney and client. Plaintiff had ample opportunity to ask Mr. Goulart about all of the facts and circumstances to which Mr. Goulart had knowledge. There was no interference in Plaintiff's questioning of the facts, only his attempts to elicit privileged information.

## IV. Conclusion

The instant motion for sanctions is without basis and is not supported by applicable law. Defendants therefore request that Plaintiff's motion be denied in its entirety.

LOCKHEED MARTIN CORPORATION AND
CARL SUPANCIC
By their Attorney,

MILLER & MARTIN PLLC

/s/ Tamika R. Nordstrom

Tamika R. Nordstrom MN#275463
1170 Peachtree Street, N.E., Suite 800
Atlanta, Georgia 30309-7706
Telephone: 404.962.6413
Facsimile: 404.962.6315
Email: tnordstrom@millermartin.com

and

/s/ Mark T. Reynolds

Mark T. Reynolds, Esq. #4764
REYNOLDS, DeMARCO & BOLAND LTD.
170 Westminster Street, Suite 200
Providence, Rhode Island 02903
Telephone: 401.861.5522
Facsimile: 401.331.4861
Email: mtreynolds@conversent.net

CERTIFICATION

I hereby certify that on November 19, 2007 I served a copy of the within electronically upon:

Michael F. Drywa, Jr., Esquire
michael@simsandsimsllp.com

/s/ Tamika R. Nordstrom