# EXHIBIT 3

**H**Breaux v. Haliburton Energy Services
E.D.La.,2006.
Only the Westlaw citation is currently available.
United States District Court,E.D. Louisiana.
Shannon BREAUX, et al
v.
HALIBURTON ENERGY SERVICES, et al.
**Civil Action Nos. 04-1636 c/w 05-0896, 05-0897.**

Aug. 22, 2006.

Damon Joseph Baldone, Damon J. Baldone & Associates, Houma, LA, David Lyman Browne, Dugan Law Firm, New Orleans, LA, James R. Dugan, II, Dugan Law Firm, New Orleans, LA, James McClendon Williams, Gauthier, Houghtaling & Williams, Metairie, LA, Jessica L. Duet, Damon J. Baldone & Associates, Houma, LA, John William Houghtaling, II, Houghtaling & Williams, Metairie, LA, Patricia Broussard Judice, Damon J. Baldone & Associates, Houma, LA, Robert J. Daigre, Dugan Law Firm, New Orleans, LA, Kenneth Warren Dejean, Kenneth W. Dejean, Attorney at Law, Lafayette, LA, Scott J. Mikulecky, Sherman & Howard, Colorado Springs, CO, Joseph Lawrence Shea, Jr., Lemle & Kelleher, Shreveport, LA, for Plaintiff.
Kenneth H. Laborde, Brendan Patrick Doherty, Leo Raymond McAloon, III, Gieger, Laborde & Laperouse, LLC, Joseph E. Lee, III, Preis, Kraft & Roy, Gregory Scott Lacour, Christovich & Kearney, LLP, Darrell K. Cherry, Deutsch, Kerrigan & Stiles LLP, Gregory Scott Lacour, Christovich & Kearney, LLP, New Orleans, LA, Richard Kearney Christovich, Christovich & Kearney, LLP, Andre Charles Broussard, Jr., Deutsch, Kerrigan & Stiles, Baton Rouge, LA, Randall K. Theunissen, Allen & Gooch, Lafayette, LA, Howard J. Daigle, Jr., Daniel Edwin Buras, Jr., Daigle Fisse & Kessenich, Jonathan H. Sandoz, Daigle Fisse, PLC, Jonathan H. Sandoz, Covington, LA, John M. Kelly, Michael G. McQuillen, Adler, Murphy & McQuillen, Chicago, IL, Richard Kearney Christovich, Christovich & Kearney, LLP, Baton Rouge, LA, Howard J. Daigle, Jr., Daniel Edwin Buras, Jr., Daigle Fisse & Kessenich, Covington, LA, John M. Kelly, Michael G. McQuillen, Adler, Murphy & McQuillen, Chicago, IL, for Defendant.
Kenneth H. Laborde, Gieger, Laborde & LaPerouse, LLC, Joseph E. Lee, III, Preis, Kraft & Roy, New Orleans, LA, Howard J. Daigle, Jr., Daniel Edwin Buras, Jr., Daigle Fisse & Kessenich, Jonathan H. Sandoz, Covington, LA, John M. Kelly, Michael G. McQuillen, Adler, Murphy & McQuillen, Chicago, IL, James F. Holmes, Alison A. Bradley, Katharine Rachael Colletta, Christovich & Kearney, LLP, Charles Chuck R. Lane, Halliburton Energy Services, Inc., James Aristide Holmes, New Orleans, LA, for Third-Party Plaintiff.

***ORDER***

KAREN WELLS ROBY, Magistrate Judge.
*1 Before the Court is a **Motion to Strike Speaking Objections From Deposition of NTSB Investigator (doc. # 238)** filed by a defendant, Era Aviation, Inc., seeking an order from this Court striking all speaking objections from the deposition of Lorenda Ward, the National Transportation Safety Board investigator in charge of the accident forming the basis of this suit.

Defendant Keystone Helicopters, Inc., filed an opposition memorandum. This motion was heard on August 16, 2006.

### I. *Factual and Procedural Background*

This litigation arises from a helicopter accident that occurred on March 23, 2004 when a helicopter transporting eight passengers and two crew members left Galveston, Texas for an offshore drilling ship located approximately 130 miles off the Texas coast. The helicopter was operated by Era. During its flight, the helicopter disappeared and the wreckage was found three days later approximately 60 miles off the Texas shore.

The plaintiff's husband, Tyler Breaux, was a passenger aboard the helicopter. The plaintiff, Shannon Breaux, filed an action in Civil District Court in Orleans Parish against Era, her husband's employer Haliburton, and others. That action was removed to this Court on diversity grounds, and later consolidated with two other actions filed by family members of those aboard the helicopter.

On March 24, 2005, Era filed a third party complaint against Keystone contending that Keystone improperly and negligently assembled, modified, and

or sold the Electronic Flight Information System and Dual Digital Automatic Flight Control System ("EFIS/DDAFS") installed on the aircraft at the time of the accident. Era seeks indemnity and contribution for all liability arising from the accident, along with the loss of the aircraft.

On July 12, 2006, the parties in this action took the deposition of Ward, the NTSB investigator in charge of the accident. On July 26, 2006, Era filed the subject motion contending that during the deposition other parties continually objected with lengthy speaking objections in violation of the Federal Rules.

### II. *Standard of Review*

Federal Rule of Civil Procedure 30 governs the proper interposing of objections during depositions. Under Rule 30(c), "[a]ll objections made at the time of the examination to the qualifications of the officer taking the deposition, to the manner of taking it, to the evidence presented, to the conduct of any party, or to any other aspect of the proceeding shall be noted by the officer upon the record of the deposition; but the examination shall proceed with the testimony being taken subject to the objections."**Fed. R. Civ. P**. 30(c).

The subsection governing how objections are to be made was amended in 1993 to avoid "lengthy objections and colloquy, often suggesting how the deponent should respond."Advisory Comm. Notes, 1993 Amendments, Subdivision (d). It provides that "any objection during the deposition must be stated concisely in a non-argumentative and non-suggestive manner."FED.R.CIV.P. 30(d)(1). As the committee notes indicate, objections "should be limited to those that under Rule 32(d)(3) might be waived if not made at that time, *i.e.* objections on grounds that might be immediately obviated, removed, or cured such at to the form of a question or the responsiveness of an answer."*McDonough v. Keniston,* 188 F.R.D. 22, 23-24 (D.N.H.1998).

### III. *Analysis*

***2** Era contend that counsel for the other parties interposed speaking objections on three separate occasions during the deposition of the NTSB investigator. Era contends that because these objections were interposed, the Court should strike the objections from the record. Era contends that its motion is proper at this time so that the Court can instruct opposing counsel that speaking objections are not allowed at future depositions.

Keystone contends any objection is premature because the District Court's scheduling order requires that all such objections be made the week prior to trial. Further, Keystone contends that the various parties' objections were proper because under the NTSB regulations this witness cannot be called live and thus the parties were required to state their specific objection under the Federal Rules of Evidence. Further, Keystone contends that in certain instances, counsel for the witness had to be told via objections that he failed to catch violations of his own rules and was acting inconsistently. Keystone contends it was merely placing its objections on the record so the District Court could later make a ruling on the objection.

The Court now turns to the three areas complained of by Era.

#### A. *First Colloquy*

1.Laborde: As part of your investigation, were any squawks found that had been not-that had not been cleared.
2.Christovich: Object to form.
3.Cherry: Object to form. Compound. Calls for information beyond her personal recollection.
4.Kelly: Same objection.
5.Laborde: You can go ahead and answer.
6.Christovich: Also be [sic] a compound question, also
7.Cherry: That would require-
8.Laborde: Wait.
9.Cherry: That would require this witness to know every single one-
10.Laborde: Darrell-Darrell, that's a speaking objection. That's highly improper. You can object to form and that's it.
11.Cherry: I want to make sure its not waived.
12.Laborde: No, but that's improper and please don't do that. We got a lot of depositions to go and we got to start right here making some ground rules. No speaking objections.

#### B. *Second Colloquy*

1.Williams: Well, I-no, no, I have an objection to that.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2.Laborde: Okay. Objection noted.
3.Williams:And I'll wait to see what-I think that's far beyond-that's going to procedures, the very thing-
4.Laborde: That's a speaking objection.
5.Williams: I understand that and-
6.Laborde: James, we are not going into speaking objections. Note your objection-
7.Williams: If you want to talk over me, fine. But you've made your point. I am now going to make mine. What you're requesting, you previously asked for a length of time. The board said that is not within what this woman is here to testify about. You're now attempting to go in the back door and do that again and on that grounds, I object.
8.Laborde: Mr. Julius is here to protect the board's rights and regulations and that's not your capacity. You are here to protect Ms. Breaux's rights and regulations.
***3** 9.Williams: And that is exactly what I'm doing, and I'm doing it in the manner I see fit. I'm sorry you don't agree with that. That's why you represent your client and I represent mine.

....

10.Laborde: So it really was very close to two years period of time that the investigation was ongoing.
11.Ward: And that's why I answered two years.
12.Cherry: Note my [earlier] objection.
13.Laborde: I didn't know if that was an approximation or-sounds like it was a very accurate answer, pretty close to the approximation.
14.Ct. Reporter: Sorry?
15.Williams: I was just wondering if we were going into board procedure, if we were still in-
16.Laborde: Was that an objection to form?
17.Williams: You me to put the word objection in front of it?
18.Laborde: Well, if its an objection to form, Id appreciate it.
19.Williams: I object, or I'll ask the question of the board's counsel if we are getting into the inadmissible area. If we're not, that's fine.

### C. *Third Colloquy*

1.Laborde: All right. And that is something you do specifically recall?
2.Witness: Yes.
3.Cherry: Object to form. That is a generality that the witness is testified. I think she needs to qualify and clarify now that whether you are now testifying
4.Laborde: Wait, wait, Darrell.
5.Cherry:-to recollection-
6.Laborde: Darrell, excuse me. We are in the middle of my-
7.Cherry:-or that is now-
8.Laborde: Madam Court reporter, please mark this part. Darrell, you can ask all the follow-up questions you want, all right? I am in the middle of my questioning. You can make your objections as to form. Note them. No speaking objections, please.
9.Kelly: Can I make-
10.Laborde: No.
11.Kelly:-an objection-let me just make-
12.Laborde: Just as to the form.
13.Kelly:-to the form-
14.Laborde: As to the form.
15.Kelly:-and foundation as to what simulator session.
16.Christovich: Same objection.
17.Cherry: It also goes beyond the scope of what we've been allowed to ask so it's an unfair playing field.
18.Laborde: Was that a speaking objection again, Darrell?
19.Cherry: No, its called an objection that I have to-
20.Laborde: No, it's a speaking objection.

The Court first turns to Keystone's argument that the subject motion is premature. According to the pretrial order entered into this case by the District Court, the parties shall, "in good faith, attempt to resolve all objections to testimony so that the Court will be required to rule only on those objections to which they cannot reach an agreement as to their merit."However, the Court notes that Era's motion is not concerned with the merits of the objections offered by opposing counsel, rather ERA is concerned with opposing counsels' behavior at depositions. Thus, the prematurity argument is not applicable.

The Court now turns to the substance of Era's argument and notes that it is "common to refer to objections that are argumentative or which suggest an answer to the witness as 'speaking objections.' " *In Re Stratosphere Corp. Sec. Litig.,* 182 F.R.D. 614, 617 (D.Nev.1998). These "speaking objections" are prohibited during depositions. *Wilson v. Sundstrand Corp.,* CIV.A.99-6944, 2003 WL 21961359 (N.D.Ill. Aug.18, 2003). Under this Rule "[c]ounsel's statements when making objections should be succinct and verbally economical, stating the basis of the objection and nothing more." *Damaj v. Farmers Ins. Co.,* 164 F.R.D. 559, 561 (N.D.Okla.1995).

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

***4** The Court notes that the objection found at line 3 of colloquy one which states, "[o]bject to form. Compound. Calls for information beyond her personal recollection" succinctly and economically stated the objection. By continuing with the objection, counsel began engaging in argumentative objections.

Further, as the second and third colloquies illustrate, the deposition began devolving into argumentative objections over the proper scope and purposes of the deposition. That is not the role of objections during depositions. As the Rules make clear, once the objection is made, the witness answers the question and the parties move on. The parties are reminded of the requirements of Rule 30(d)(1) and are to be mindful of its dictates in further depositions.

The Court next turns to Era's request that this Court sanction the parties by striking the objections from the record. Rule 30(d)((3) provides that:
[i]f the court finds that any impediment, delay, or other conduct has frustrated the fair examination of the deponent, it may impose upon the persons responsible an appropriate sanction, including the reasonable costs and attorney's fees incurred by any parties as to result thereof.

While ERA apparently contends delay, it only points to three instances where argumentative objections were entered into the record. However, Era does not indicate the length of the deposition and provided the Court with only an excerpt of the deposition. Accordingly, Era has not shown that the deposition was delayed such that it resulted in an unfair deposition.

Further, the Court notes that the answers were not suggestive. There is no evidence that Ward changed her answered based on counsel's objections. *C.f. Wilson v. Sundstrand,* CIV.A.99-6944, 2003 WL 219691359 (N.D.Ill. Aug. 25, 2003) (sanctioning a party after counsel repeatedly coached a witness through objections). Without a finding of delay, impediment, or other conduct of counsel wherein they suggested answers to the witness, the Court cannot conclude that opposing counsels' objections frustrated the fair examination of Ward. Accordingly, the Court will not impose sanctions under **Rule30(d)(3)**.

Accordingly,

**IT IS ORDERED THAT** the **Motion to Strike Speaking Objections From Deposition of NTSB Investigator (doc. # 238) is DENIED.**

E.D.La.,2006.
Breaux v. Haliburton Energy Services
Not Reported in F.Supp.2d, 2006 WL 2460748 (E.D.La.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.