UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

Azell Malone,

Plaintiff,

v.

C.A. No: 07-65-T

Lockheed Martin Corporation
and Carl Supancic,

Defendants.

# DEFENDANTS' REPLY MEMORANDUM OF LAW SUPPORTING MOTION FOR SUMMARY JUDGMENT

## I. INTRODUCTION

Plaintiff spends tremendous effort in his attempt to create disputed material facts and color the clear legal issues and supportable, undisputed facts before this Court. However, Plaintiff does not and cannot dispute several important items. First, the statute of limitations on Plaintiff's Title VII, FEPA and Rhode Island Civil Rights claims[1] have run. As such, the only basis for not granting summary judgment on these issues is if this Court agrees with Plaintiff's contrived continuing violation argument. Second, even if this Court permits Plaintiff's claims to survive the statute of limitations hurdle, Plaintiff cannot satisfy the substantive elements of his discrimination claims.

Finally, Plaintiff's sole basis supporting his whistleblower claim is the temporal proximity between the time he conveyed the report of his subordinate to Mr. Supancic and his removal from the CCSL contract approximately 2 months later. This is insufficient to establish a whistleblower claim when Defendants had a well-documented reorganization which caused this change in contract assignment. There is no causal connection between Plaintiff's report and his reassignment.

[1] Defendants inadvertently omitted the fact that the Rhode Island Supreme Court recently held that there is a one year statute of limitations for RI Civil Rights Act claims. *Horn v. Southern Union*, 927 A.2d 292, 297 (R.I. 2007). As such, Plaintiff's state civil rights act claim is also time barred.

In sum, there are no disputed material facts presented here and the applicable law requires that Plaintiff's claims be dismissed.

## II. PLAINTIFF FAILS TO ESTABLISH ANY GENUINE ISSUES OF MATERIAL FACT

Strangely, several of Plaintiff's objections to Defendants' statement of facts are clearly supported by his own quoted testimony. For example, Plaintiff objects to Defendants' Statement #15, providing that Malone had problems managing his employees and stated they were "resistant to direction", but then cites the exact portion of Plaintiff's testimony wherein he admits that fact and makes that exact quote. (Ex. 1, p. 33-34; 93-94). The same can be said of Plaintiff's objection to Defendants' Statement #57. (Ex. 1, p. 31-32, 78-81, 135, 188).

Plaintiff also objects to facts that simply cannot be disputed because they are supported by contemporaneous and reliable documentary evidence. For example, Plaintiff objects to Defendants' Statement #53, providing that Plaintiff was issued a warning letter and quoting the letter itself. However, Plaintiff does not dispute that the letter was given or that the quoted language was communicated within the letter. The same is true of Plaintiff's objection to Defendant's Statements #4, 11, 19, and 26. All such stated facts are independently supported by the documentary evidence identified and cited by Defendants.

These are Plaintiff's only factual objections and they are supported by nothing other than Plaintiff's uncorroborated testimony and an affidavit that substantially contradicts and differs from his deposition testimony. There are no disputed material facts to be determined by a jury.

## III. ARGUMENT

### A. Plaintiff's Continuing Violation Argument Fails

Plaintiff's entire case hangs on the balance of this Court finding that he was subject to a continuing violation that should toll the application of the statute of limitations. The purpose of the continuing violation doctrine is to "[allow] a plaintiff to reach back to recover for earlier related incidents-otherwise barred by a statute of limitations-where at the time they occurred the plaintiff had no reason to know that a wrong had been committed." *Keeler v. Putnam Fiduciary Trust Co.*, 238 F.3d 5, 11 (1st Cir. 2001). Plaintiffs allegations do not fall within the framework

of this doctrine. Plaintiff has believed and asserted that he perceived himself to be wronged by these allegations since 2004, he simply failed to file a timely claim.

Plaintiff generally references a "pattern" of discrimination within and outside the limitations period in attempts to support his argument that a "serial violation" occurred. In reality, Plaintiff only identified one act that he alleged to be discriminatory within the limitations period. [2] This one allegedly discriminatory act was that on December 15, 2005,[3] Plaintiff's manager, James Higson, gave him a performance review which rated his performance as a "Basic Contributor". *See Centro Medico del Turabo, Inc. v. Feliciano de Melecio*, 406 F.3d 1, 7 (1st Cir.2005) (where serial continuing violations are alleged, "the act that falls within the limitations period must itself constitute an actionable violation"). A performance review from a subsequent manager, who is not alleged to have participated in any of the allegedly discriminatory conduct barred by the statute of limitations, in which he gives Plaintiff an average rating is insufficient discriminatory conduct to relate back to allegations of retaliation and discrimination Plaintiff now alleges.

Plaintiff's argument that a "systemic violation" occurred is similarly unsupported. Plaintiff alleges that Lockheed has a "discriminatory policy" with regard to attendance that continued beyond the limitations period. However, Plaintiff admits within his own argument that Lockheed had not implemented any such "policy" at all. What Plaintiff is referencing is the fact that he was placed on a Performance Improvement Plan ("PIP") as a result of the problems he continually presented with respect to his practice of taking vacation days with little or no notice, in clear violation of a policy Lockheed does in fact have, its Absence from Work policy. Employers use PIPs routinely to remedy issues of concern with employees and they are not discriminatory on their face, only if unequally applied. While Plaintiff argues that he was unequally and unfairly required to comply with the PIP, he fails to identify any other individuals with a similar three year history of being continuously counseled and warned regarding the

[2] As previously set forth, any claims before October 20, 2005 are barred by the statute of limitations.

[3] Plaintiff fails to even address the fact that he previously testified that he suffered no alleged discrimination after December 2, 2005 and that the last specific alleged act occurred in July 2005. (Complaint at ¶ 39; Ex. 1, p. 113-119, 198, 204-205).

improper practice of taking vacation the same day he requests it.[4] While Plaintiff may disagree with the concern and the policy, it was a legitimate one. "Courts may not sit as super personnel departments, assessing the merits-or even the rationality-of employers' nondiscriminatory business decisions." *Fennell v. First Step Designs, Ltd.*, 83 F.3d 526, 537 (1st Cir. 1996).

### B. Plaintiff's Substantive Claims Fail

Plaintiff fails to prove that he was meeting Lockheed Martin's legitimate expectations and, therefore, cannot establish a *prima facie* case of discrimination under any of his stated causes of action. There is substantial documentary evidence from Lockheed management, in addition to the testimony of Mr. Supancic, supporting the fact that Plaintiff's pattern of conduct with respect to taking unplanned vacation days was not meeting company standards. Plaintiff attempts to dispute the case law which clearly establishes that attendance is a legitimate interest of the employer. These cases are quoted directly, have been previously cited and are unquestionably on point. This alone precludes a finding for the Plaintiff and justifies the grant of summary judgment on the substantive issue.

### C. Plaintiff's Charge Does Not Name Carl Supancic As A Party

Plaintiff alleges that his Charge of Discrimination was sufficient notice to justify individual liability claims against Mr. Supancic. However, the Charge on its face does not name Mr. Supancic as a Respondent. There is a distinct difference between seeking individual liability and seeking to hold the employer liable for the acts of its employees. Plaintiff's Charge does the latter and Mr. Supancic should be dismissed as a party for this administrative failure.

## IV. CONCLUSION

Essentially, Plaintiff asks this Court to believe that from 2002 through 2005, Defendants had an intricate plan to create nonexistent attendance issues and baseless documentary evidence for the purpose of discriminating and/or retaliating against him. There is absolutely no evidence to support these allegations and, to the contrary, Plaintiff himself did not and cannot clearly state

[4] Contrary to Plaintiff's attempted distortion of the issue, it is clear that he was not being disciplined for the amount of time he was absent or taking more vacation than he had earned, the issue was the manner in which he continually took vacation the day of his request in violation of Lockheed policies and the clear direction of Lockheed management.

that he believed any of his alleged treatment was based on his race. Furthermore, and more importantly, his claims are time barred. Defendants respectfully request that Plaintiff's claims be dismissed with prejudice in their entirety.

LOCKHEED MARTIN CORPORATION AND
CARL SUPANCIC
By their Attorney,

MILLER & MARTIN PLLC

/s/ Tamika R. Nordstrom
Tamika R. Nordstrom MN#275463
1170 Peachtree Street, N.E., Suite 800
Atlanta, Georgia 30309-7706
Telephone: 404.962.6413
Facsimile: 404.962.6315
Email: tnordstrom@millermartin.com

and

/s/ Mark T. Reynolds
Mark T. Reynolds, Esq. #4764
REYNOLDS, DeMARCO & BOLAND LTD.
170 Westminster Street, Suite 200
Providence, Rhode Island 02903
Telephone: 401.861.5522
Facsimile: 401.331.4861
Email: mtreynolds@conversent.net

CERTIFICATION

I hereby certify that on February 7, 2008 I served a copy of the within electronically upon:

Michael F. Drywa, Jr., Esquire
michael@simsandsimsllp.com

/s/ Tamika R. Nordstrom