UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

---

Azell Malone,

Plaintiff,

C.A. No: 07-65-T

v.

Lockheed Martin Corporation
and Carl Supancic,

Defendants.

---

**DEFENDANTS' OBJECTIONS TO REPORT AND RECOMMENDATION ON MOTION FOR SUMMARY JUDGMENT**

1. Plaintiff Azell Malone's ("Malone") race claims should be dismissed because they were filed beyond the applicable statutes of limitations. The Report and Recommendation wrongly disregards Malone's own direct testimony regarding the time frame within which his alleged discrimination occurred at Lockheed Martin Corp ("Lockheed")) in supporting Malone's claim of a continuing violation. Malone testified, and the Court found that "Plaintiff admitted that he has not had any complaints of discrimination or retaliation against anyone since he began working offsite in the systems engineering position in 2005 through early 2008." (R&R, p. 8). If the Court accepts Malone's own testimony and applies the Court's stated findings of fact, it is compelled to find his race claims under Title VII, RIFEPA and RICRA barred because they were filed after expiration of the applicable statutes of limitations. Defendants respectfully request that this Court review the clear testimony of Malone and findings of fact in the Report and Recommendation and hold that Malone's race claims must be dismissed.

2. The Court found that "there are factual issues regarding the extent of Supancic's direct involvement with Plaintiff after March 2005," in asserting that there is sufficient evidence to support his continuing violation claim. (R&R, p. 17). However, Malone failed to set forth any allegations of specific incidents which he believed were discriminatory or based on race by

Defendant Supancic within the statutory filing deadline. Defendant Supancic was the Site Manager and generally responsible for all of the operations in the facility, so it is not disputed that he had responsibility for Malone and others. This responsibility and reporting requirement alone is insufficient evidence of a continuing violation in a race discrimination claim when no further allegations of race discrimination were made against Defendant Supancic by Malone during this time period and there is no direct evidence of any racial animus shown by Defendant Supancic at any time. Defendants respectfully request that this Court reject the recommendation on the continuing violation issue and find that Malone's claims should be dismissed as untimely under the applicable statutes of limitations.

3. The Court should have addressed the supervisor liability argument as asserted in support of Defendant Supancic being dismissed as a party. Count III of Plaintiff's Complaint asserts claims pursuant to the Rhode Island Civil Rights Act ("RICRA"), which is not subject to dismissal for failure to exhaust administrative remedies because there is no administrative filing requirement for claims under the RICRA. The Report and Recommendation states "it is unnecessary to address Defendant's alternate supervisory liability argument," because it recommends that Counts I and II be dismissed as to Defendant Supancic. (R&R, p. 14). However, this argument is crucial to obtaining a complete dismissal of Defendant Supancic as a party. Defendants respectfully request that this Court consider this argument and issue a ruling on whether Defendant Supancic may be found individually liable for acts under the RICRA or if he may be dismissed as a party to the entire lawsuit.

4. The Court found that "there remains factual disputes as to whether Plaintiff actually had an attendance problem, what Lockheed's absence policy/practice was at the time and whether Plaintiff violated that policy/practice," in finding that Malone may be able to establish a *prima facie* case on his race discrimination claim. (R&R, p. 23). The Court further found that "Defendant's have not established what those legitimate expectations were at the time." (R&R, p. 21). This finding of a fact issue is based solely upon Malone's statement that it was "common practice to allow all employees to request a vacation day on the same day they

sought to take one, so long as the work was being performed." (R&R, p. 21). This finding disregards the multiple written warnings Malone received for this conduct, which clearly set out Defendant's legitimate expectations on attendance, simply because they were communicated by Defendant Supancic. (R&R, p. 22). There is also deposition testimony and evidence from persons other than Supancic who verify the attendance expectations and that Malone was not meeting them. This Court should disregard this recommendation and find that Malone cannot establish a *prima facie* case of discrimination because he cannot prove that he was meeting his employer's legitimate attendance expectations.

5. While not fully briefed before the Magistrate, but discussed in the argument during the hearing of this matter, Malone's whistleblower claim should be dismissed because he was not the whistleblower in this case. Malone simply reported up the chain of command a report he received from a subordinate employee. (R&R, p. 6). If individuals like Malone are entitled to whistleblower protections, any managerial employee who receives a similar report and reports it further up his chain of command would be entitled to whistleblower protection. There would be no end to the number of potential "whistleblowers" for one report learned by one individual, which is not consistent with the purpose or intention of the whistleblower protection act. As such, Defendants respectfully request that this Court dismiss Malone's whistleblower claims and find that he was not the employee who reported the alleged violation of law and is not entitled to whistleblower protection.

LOCKHEED MARTIN CORPORATION
AND CARL SUPANCIC
By their Attorney,

MILLER & MARTIN PLLC

/s/ Tamika R. Nordstrom
Tamika R. Nordstrom MN#275463
1170 Peachtree Street, N.E., Suite 800
Atlanta, Georgia 30309-7706
Telephone: 404.962.6413
Facsimile: 404.962.6315
Email: tnordstrom@millermartin.com

and

/s/ Mark T. Reynolds
Mark T. Reynolds, Esq. #4764
REYNOLDS, DeMARCO
& BOLAND LTD.
170 Westminster Street, Suite 200
Providence, Rhode Island 02903
Telephone: 401.861.5522
Facsimile: 401.331.4861
Email: mtreynolds@conversent.net

CERTIFICATION

I hereby certify that on August 5, 2008 I served a copy of the within electronically upon:

Michael F. Drywa, Jr., Esquire
michael@simsandsimsllp.com

/s/ Tamika R. Nordstrom