**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **AZELL MALONE,** <br> **Plaintiff** <br><br> **v.** <br><br> **LOCKHEED MARTIN CORPORATION** <br> **and CARL SUPANCIC,** <br> **Defendants** | : | **C.A. No. 07-65-T** |

**PLAINTIFF'S MEMORANDUM OF LAW SUPPORTING HIS REPLY TO DEFENDANTS' OBJECTION TO REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

## I. INTRODUCTION

The Plaintiff in the above captioned matter, Azell Malone, submits this Memorandum of Law in support of his reply to Defendant's Objection to the Report and Recommendation ("R&R") issued by this Court in connection with Defendants' Motion for Summary Judgment, and pursuant to Local Rule of Civil Procedure 72(d)(3). The Court's R&R, issued on July 22, 2008, granted Defendants' summary judgment motion in part and denied the motion in part.

Defendants object to the R&R on the grounds that (1) there were insufficient facts in the record to support a continuing violation [Def.'s Mem. Supp. Obj. R&R at 2]; (2) the Court was required to issue a ruling on supervisor liability [Def.'s Mem. Supp. Obj. R&R at 5]; (3) there exists evidence that the Plaintiff's attendance was a justification for his treatment [Def.'s Mem. Supp. Obj. R&R at 8]; and (4) the Plaintiff is not entitled to the protections of the Rhode Island Whistleblowers' Protection Act [Def.'s Mem. Supp. Obj. R&R at 10]. The Plaintiff asserts that the foregoing objections are inappropriate as they represent either altogether new arguments or a reiteration of arguments presented in Defendants' Motion for Summary Judgment.

## II. POINTS AND AUTHORITIES

### A. Time and Content for Objections to Reports and Recommendations

Local Rule of Civil Procedure 72(d) indicates as follows:

> (1) Time for Objections. Any objection to a Report and Recommendation by a magistrate judge shall be field and served within ten (10) days after such Report and Recommendation is served on the objecting party.
>
> (2) Content of Objections. An objection to a magistrate judge's Report and Recommendation shall be accompanied by a memorandum of law *specifying the findings and/or recommendations to which objection is made*, the basis for the objection, and a transcript of any evidentiary hearing(s) before the magistrate judge. The memorandum shall comply with LR Cv 7.

(emphasis added).[1]

### B. Argument

### 1. DEFENDANTS' STATUTE OF LIMITATIONS ARGUMENT

Defendants support their first objection—that the facts in the record cannot support a finding of a continuing violation—with a two-part argument: (1) that the Plaintiff's testimony and the R&R support a finding of not acts of discrimination after 2005, and (2) incidents referred to in the R&R fell outside the filing period. Each of the foregoing arguments amounts to nothing less than a request that the Court change its mind, and neither refer to any error in the R&R that would warrant a different outcome.

Defendants begin by asserting that, "[i]t is undisputed that Malone's race claims were filed after the expiration of the applicable statutes of limitations." [Def.'s Mem. Supp. Obj. R&R at 2] Such a conclusion, which is not supported by reference to any source, demonstrates that Defendants have wholly forgotten or disregarded the Plaintiff's argument in his Objection to

---

[1] Defendants filed their Objection well beyond the ten (10) days required by the Rule, having filed their Objection on August 5, 2008, while the R&R was field on July 22, 2008.

Defendant's Motion for Summary Judgment that he *does* dispute that fact and, furthermore, that the record further supports a finding of a continuing violation. [Pl.'s Mem. Supp. Obj. Summ. J. at 8-13] In addition, and more importantly, Defendants do not specify the findings contained in the R&R to which they object in support of this argument. [LR Cv 72(d)(2)] Instead, Defendants offer more unsupported factual conclusions which, for all intents and purposes, do not qualify as an objection to the R&R, but are tantamount to simply re-asserting their prior summary judgment arguments. [Def.'s Mem. Supp. Obj R&R 4-5.; R&R at 2-3] It is understandable that Defendants may not be happy with the R&R, but a reiteration of prior arguments that the Court considered and ruled upon does not serve the purpose or scope of LR Cv 72(d)(2).

Defendants next conclude, based on an excerpt from the Plaintiff's deposition testimony, that he admitted there were no discriminatory or retaliatory acts that occurred after December 2, 2005, and that this conclusion is buttressed by the R&R which found that the Plaintiff admitted he had not had complaints of discrimination or retaliation against anyone since he began to work offsite from 2005 through early 2008. [Def.'s Mem. Supp. Obj. R&R at 3] However, the Defendants conveniently disregard the Court's application of *AMTRAK v. Morgan*, 536 U.S. 101 (2002) to the facts of this case to evaluate the existence of a continuing violation. [R&R at 16-17] The Court, applying the standards elucidated in *AMTRAK*, acknowledged that the "court's task is to determine whether the acts about which an employee complains are part of the same actionable hostile work environment practice and, if so, whether any acts fall within the statutory time period." [R&R at 17, quoting *AMTRAK*, 536 U.S. at 3] Applying this test to the facts in the case at bar, the Court concluded that "there are factual issues regarding the extent of Supancic's involvement with Plaintiff after March, 2005." [R&R at 17] Defendants misapprehend the Court's conclusion on this point when they query whether the Court is "implying that there was

actionable discriminatory conduct committed by Supancic that Malone is unaware of." [Def.'s Mem. Supp. Obj R&R 4]

To be sure, the Court noted in some detail that Supancic remained actively involved in monitoring the Plaintiff well into and through 2005, even after Supancic was no longer directly supervising the Plaintiff. [R&R at 18-19] This involvement included, among other things, Supancic remaining directly involved with the Plaintiff's disciplinary situation, including involvement with the Plaintiff's December, 2005, performance review; communicating with human resources regarding the Plaintiff's alleged absenteeism problem; and effectively requesting that human resources take some action against the Plaintiff. [R&R at 18-19] The Plaintiff was not only aware of these actions, he argued that they should be considered in the context of a continuing violation. [Pl.'s Mem. Supp. Obj. Summ. J. at 8-13] In light of the foregoing factual history, the Court concluded that there existed factual issues regarding Supancic's involvement in Plaintiff's employment situation during this period of time. [R&R at 19] Defendants attempt to diffuse the Court's conclusion on this point by asserting that,

> A subsequent manager, who is not alleged to have participated in any of the allegedly discriminatory conduct barred by the statute of limitations, who gives Malone a less than average rating on his performance review in and of itself, is insufficient discriminatory conduct to relate back to allegations of retaliation and discrimination Plaintiff now alleges.

[Def.'s Mem. Supp. Obj. R&R at 4] Once again, Defendants have set forth a rather profound legal conclusion without any supporting authority. A diligent search by the Plaintiff revealed no state or federal cases to support the foregoing conclusion. Ultimately, the findings of the Court render this averment toothless, since the Court acknowledged that the "subsequent manager" (Higson), when asked if his performance review of the Plaintiff was influenced by anyone, indicated that he "had to go along with the program." [R&R at 19]

Therefore, there exists a question of material fact as to whether the Plaintiff can demonstrate a continuing violation such that the Defendants' summary judgment on their statute of limitations defense was properly denied by the Court.

**2. DEFENDANTS' SUPERVISOR LIABILITY ARGUMENT**

Defendants next assert that the Court *must* make a specific ruling on whether Defendant Supancic is subject to supervisor liability under the Rhode Island Civil Rights Act ("RICRA"). [Def.'s Mem. Supp. Obj R&R 5] As a threshold matter, Defendants failed to raise this argument in their Motion for Summary Judgment. [Def.'s Mem. Supp. Summ. J. at 2-4] Indeed, Defendants clearly denominated their summary judgment argument as follows: "Title VII Claims and FEPA Claims Should Be Dismissed As To Defendant Supancic." [Def.'s Mem. Supp. Summ. J. at 2] Defendants then proceeded to assert that, because Supancic was not specifically named in the administrative charge, he was not subject to suit under Title VII and RIFEPA. [Id.] Apart from this averment and the string citation of federal decisions ruling against individual supervisor liability, Defendants make no mention whatsoever of the RICRA or assert any argument as to why the RICRA claims should be dismissed against Supancic. [Def.'s Mem. Supp. Obj R&R 2-4]

It is well established in this jurisdiction that "[t]he district court is under no obligation to discover or articulate new legal theories for a party challenging a report and recommendation issued by a magistrate judge." *Santiago v. Canon U.S.A., Inc.*, 138 F.3d 1, 4 (1st Cir. 1998).

> The purpose of the Federal Magistrate's Act is to relieve the courts of unnecessary work. It would defeat this purpose if the district court was required to hear matters anew on issues never presented to the magistrate. Parties must take before the magistrate, not only their best shot, but all their shots.

*Borden v. Secretary of Health and Human Services*, 736 F.2d 4, 6 (1st Cir. 1987)(internal punctuation and citations omitted); *see also Paterson-Leitch Co., Inc. v. Mass. Municipal Elec. Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988)(unsuccessful party not entitled to *de novo* review of argument

never seasonably raised before the magistrate). Therefore, the Defendants cannot properly object to a ruling in the R&R that they never asserted in their summary judgment motion and, therefore, the Court should disregard any such argument. Notwithstanding the foregoing, and in the event the Court opts to consider Defendants' argument on this point, the Plaintiff replies herein as follows.

In its R&R the Court presented a comprehensive overview of the requirements relating to the state ("RIFEPA") and federal ("Title VII") administrative proceedings which are a prerequisite to initiating suit against a prospective defendant in a discrimination case. [R&R at 9-14] Applying the rationale and purpose of these administrative prerequisites to the Plaintiff's Title VII and RIFEPA claims, the Court concluded that Supancic was not properly named in the administrative filing made by the Plaintiff and, therefore, in accordance with the notice provisions of the administrative proceedings, was not properly subject to suit on these claims. [R&R at 13-14]

Defendants are correct when they point out that the RICRA has no requirement that a plaintiff exhaust any administrative prerequisites prior to initiating suit against a prospective defendant. [Def.'s Mem. Supp. Obj. R&R at 5-6] This translates into an acknowledgement that Defendant Supancic is not positioned to have the RICRA claims against him dismissed for such failure. However, on the heels of this concession, Defendants then repeat the argument they pressed in their initial summary judgment filing that this court should disregard its prior holdings in *Iacampo v. Hasbro, Inc.*, 929 F.Supp. 562 (D.R.I. 1996) and *Wyss v. General Dynamics Corp.*, 24 F.Supp.2d 202 (D.R.I. 1998), both of which eschewed the holdings of a majority of federal jurisdictions and held that supervisors may be subject to individually liable under Title VII. *Iacampo*, 929 F.Supp. at 572; *Wyss*, 24 F.Supp.2d at 205. In support of this argument, Defendants make a transparent effort to weaken *Iacampo* and *Wyss* by averring that their holdings are in accord with the rationale of the *dissent* in the Second Circuit case of *Tomka v. Seiler Corp.*, 66 F.3d 1295

(2nd Cir. 1995). [Def.'s Mem. Supp. Obj. R&R at 7] In practical effect, Defendants are now—as they had done previously—asking this Court to change its mind, overrule *Iacampo* and *Wyss*, and then grant them a favorable decision as it relates to Defendant Supancic. [Def.'s Mem. Supp. Obj. R&R at 7] However, since none of the substance of this averment relates in any logical manner to Defendants' base assertion that the RICRA claims should be dismissed as to Defendant Supancic, such an argument should be disregarded by the Court, if not on the procedural failure to raise it previously, then as to its application.

**3. DEFENDANTS' LEGITIMATE EXPECTATIONS ARGUMENT**

Defendants next wrestle with the issue of whether the Plaintiff was meeting the legitimate expectations of his employer regarding attendance. [Def.'s Mem. Supp. Obj. R&R at 8] On this point, the Court concluded that,

> While the evidence adduced at trial may ultimately establish that Plaintiff violated Lockheed policy or failed to meet the legitimate performance expectations of a manager, Defendants have not established the absence of a genuine issue as to any material fact on this element of the prima facie case.

[R&R at 23] Although Defendants do not cite this clause as the objectionable ruling, it appears from the context of their argument that they are, in effect, asserting that there exists no question as to any material fact regarding whether the Plaintiff was meeting his employer's legitimate expectations as they related to attendance. [Def.'s Mem. Supp. Obj. R&R at 8-10] In fact, it is difficult to discern precisely where Defendants find fault with the Court's R&R on this point, apart from the simple fact that they are not keen on the result.

The Court makes it clear that, although Defendant Lockheed asserted that the Plaintiff was not meeting its legitimate attendance expectations, it failed to establish exactly what those expectations were. [R&R at 21] Defendants fail to address in the merest where the Court was wrong on this point. [Def.'s Mem. Supp. Obj. R&R at 8-10] Instead, Defendants immediately

delve into the issue of whether the Plaintiff was meeting those heretofore undefined attendance expectations. [Id.] In the absence of legitimate attendance expectations, the intervention of reason precludes a finding—at least as a matter of law—as to whether the Plaintiff was meeting them or not, effectively making Defendants' argument that the Plaintiff was not meeting them moot.

Defendants attempt to support their argument by setting forth a series of unsubstantiated and unsupported self-serving factual conclusions. [Def.'s Mem. Supp. Obj. R&R at 9] First, Defendants claim that, "Supancic was not alone in these concerns or in the drafting of the disciplinary letters and warnings received by Malone." [Id.] However, Defendants fail to support this conclusion with citation to the summary judgment record or other source, leaving the Plaintiff with no manner in which to respond, other than to take up the contrary position. Defendants continue with the factual assertion that, "Such discipline was provided only upon approval from Lockheed's Human Resources department." [Id.] Once again, this statement is wholly bereft of any reference to the summary judgment record, making it impossible to rebut. Defendants then conclude that, "This alone reflects that Malone was not meeting his employer's attendance expectations." [Id.] Such a conclusion is a *non sequitur*, completely unsupported by any legal authority and not rationally related in any manner to the bald factual assertions that precede it. The remaining averments by Defendants in this context suffer from the same malady and are more closely related to a closing argument at trial than a reasoned objection to the Court's R&R.

The only factual assertion or legal conclusion that Defendants support for their proposition that the Plaintiff was not meeting his employer's legitimate attendance expectations is an excerpt of deposition testimony by Keith Cobb who, according to Defendants, supports the conclusion that other employees who constantly took time off on the days they requested it would

be subjected to the same type of disciplinary warnings that the Plaintiff received. [Def.'s Mem. Supp. Obj. R&R at 9] This argument falls flat on two counts. First, Defendants are interposing facts in their objection not present or asserted in their summary judgment argument. [Def.'s Mem. Supp. Summ. J. at Ex.'s A-N] As noted previously, "[o]ne should not be allowed to defeat the system by seeding the record with mysterious references to unpled claims, hoping to set the state for an ambush should the ensuing ruling fail to suit." *Patterson-Leitch Co., Inc*., 840 F.2d at 990. This new factual assertion, and the legal argument that underpins it, should not be regarded by the Court at this late stage.

Second, the cited portion of Mr. Cobb's deposition does *not* support the conclusion pressed by Defendants. Nowhere in the excerpt is there any indication that any other employee of Lockheed suffered from the same type and degree of discipline as the Plaintiff. [Def.'s Mem. Supp. Obj. R&R at 9, Ex. A] Defendants have contorted Mr. Cobb's testimony in an unsuccessful attempt to portray the Plaintiff as just one of many. However, no such support exists in the summary judgment record or the newfound exhibit.

Finally, in bringing their "Legitimate Expectations" argument to a close, Defendants make a curious conclusion that belies the premise of their prior argument by indicating that, "Malone fails to identify any other individuals with a similar three year history of being continuously counseled and warned regarding the improper practice of taking vacation the same day he requests it." [Def.'s Mem. Supp. Obj. R&R at 10] To be sure, that is precisely the point. The fact that other similarly situated employees were not subjected to the rigorous disciplinary practices visited upon the Plaintiff is a fact that falls more appropriately into the Plaintiff's column than that of Defendants.

In light of the foregoing, Defendants objection as to the R&R on whether the Plaintiff

was meeting his legitimate attendance expectations is properly a factual question for a jury.

**4. DEFENDANTS' WHISTLEBLOWER ARGUMENT**

Lastly, Defendants contend that the Plaintiff is not entitled to the protections of the Rhode Island Whistleblowers' Protection Act, R.I.G.L. §28-50-1, *et seq*. ("RIWPA"). As a threshold matter, Defendants do not make citation to any part of the R&R upon which they predicate this objection. Once again Defendants have disregarded the mandates of LR Cv 72(d)(2), which require that "[a]n objection to a magistrate judge's Report and Recommendation shall be accompanied by a memorandum of law *specifying the findings and/or recommendations to which objection is made* (emphasis added). Instead, as with several of their prior objections, Defendants simply craft a new argument in hopes of convincing the Court to change its mind. [Def.'s Mem. Supp. Obj. R&R at 10-12]

In their underlying Motion for Summary Judgment, Defendants argument that the Plaintiff's RIWPA claims should be dismissed was predicated on two points: (1) reporting the acceptance of tools was not conduct that violated any laws, and (2) even if the reporting was deemed violative of the law, the Plaintiff suffered no adverse employment action as a result. [Def.'s Mem. Supp. Summ. J. at 16-17] As noted by the Court in the R&R, "Defendants conveniently ignore that Plaintiff's RIWPA claim also alleges a report of illegal theft and sale of scrap metal." [R&R at 25] Defendants, evidently aggrieved by the R&R, fail to indicate how the Court was wrong on this point and now present a new twist on their argument as to why the Plaintiff's RIWPA claims should fail.

Defendants conclude, without any support, that the Plaintiff was required, in accordance with his managerial responsibilities, to report to his supervisor (Supancic) the illegal activity that he had learned from one of his own subordinates. [Def.'s Mem. Supp. Obj. R&R at 10] However,

there is simply no citation to the summary judgment record to support this conclusion (and a review of the record reveals none). Despite this critical deficiency, Defendants (undaunted) construct their new argument on this factual predicate and aver that the law of the Eighth Circuit and the U.S. District of Minnesota are controlling authority for determination of whether the RIWPA provides protection to the Plaintiff. [Def.'s Mem. Supp. Obj. R&R at 10-12] Defendants have lost sight of the forum in which the present case lies and the claims asserted by the Plaintiff.

Furthermore, nowhere in the body of Defendants argument do they object to any portion of the R&R and, likewise, they do not even mention the RIWPA or any authority interpreting same. [Id.] Instead, Defendants would now have this Court use extra-jurisdictional authority interpreting the *federal* Whistleblower Protection Act, 5 U.S.C. 1201, *et seq.* ("WPA"), a claim not asserted by the Plaintiff, to dismiss the Plaintiff's RIWPA claim. However, Defendants fail to demonstrate how the federal statute in any manner acts a surrogate for the state statute in the present matter. Defendants provide no authority for their presumptive conclusion that the RIWPA requires interpretation and application identical to the federal WPA. Moreover, this newly fashioned argument, not heretofore raised, was effectively waived by Defendants by their failure to present it in their summary judgment motion. *See Borden*, 736 F.2d at 6; *Paterson-Leitch Co., Inc.*, 840 F.2d at 990-91.

Therefore, Defendants objection on this point is procedurally and substantively improper and should be disregarded by the Court.

## <u>III. CONCLUSION</u>

**WHEREFORE,** for the foregoing reasons, the Plaintiff respectfully prays that Defendants' Objections be stricken and the Court adopt the Report and Recommendation.

PLAINTIFF
By his attorneys,
SIMS & SIMS LLP

August 13, 2008

/s/ Michael F. Drywa, Jr.
Michael F. Drywa, Jr. (#5999)
53 Arlington Street
P.O. Box 7367
Brockton, MA 02303
(508) 588-6900

**CERTIFICATE OF SERVICE**

I, Michael F. Drywa, Jr., hereby certify that the within Motion was served upon the below-named counsels of record via email and first class mail at the addresses listed and that same has been electronically filed and is available for viewing and downloading from the court's ECF system.

**Tamika R. Nordstrom, Esq.**
Miller & Martin PLLC
1170 Peachtree Street NE
Suite 800
Atlanta, GA 30309
tnordstrom@millermartin.com

**Mark T. Reynolds, Esq.**
REYNOLDS, DeMARCO & BOLAND, LTD.
146 Westminster Street, Suite 400
Providence, RI 02903
mtreynolds@conversent.net

/s/ Michael F. Drywa, Jr.
Michael F. Drywa, Jr., Esq. (#5999)
SIMS & SIMS LLP
53 Arlington Street
Brockton, MA 02303
508-588-6900