UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

---

Azell Malone,

Plaintiff,

C.A. No: 07-65-T

v.

Lockheed Martin Corporation
and Carl Supancic,

Defendants.

---

# DEFENDANTS' REPLY MEMORANDUM OF LAW SUPPORTING OBJECTIONS TO REPORT AND RECOMMENDATION ON MOTION FOR SUMMARY JUDGMENT

## I. INTRODUCTION

The Defendants in the above-captioned matter submit this Reply Memorandum of Law in support of their Objections to the Report and Recommendation ("R&R") issued in connection with Defendants' Motion for Summary Judgment, and pursuant to Local Rule of Civil Procedure 72(d).

Plaintiff opposes Defendants' objection to the R&R on grounds that: (1) Defendant failed to make a timely objection (Pl.'s Mem. Supp. Reply Defs.' Obj. R&R. at 2 n.1); (2) A material fact exists supporting a continuing violation (Pl.'s Mem. Supp. Reply Defs.' Obj. R&R. at 5); (3) Defendant failed to request the Court to decide on individual liability under the RICRA (Pl.'s Mem. Supp. Reply Defs.' Obj. R&R. at 5); (4) There is a material question of fact regarding the attendance expectation (Pl.'s Mem. Supp. Reply Defs.' Obj. R&R. at 9); and (5) The Court correctly found that Plaintiff was protected under the Whistleblower Act. (Pl.'s Mem. Supp. Reply Defs.' Obj. R&R. at 10). Plaintiff's arguments do not alter the appropriate result in

this case. Defendants respectfully request that this Court find that Plaintiff's claims fail as a matter of law and should be dismissed in their entirety with prejudice.

## II. ARGUMENT

### A. Defendants' Objections Were Timely Filed.

Plaintiff argues that Defendants objections were not timely because they were not made during the 10 day period. (Pl.'s Reply Defs.' Obj. R&R at 2 n.1). In making this assertion, Plaintiff failed to exclude weekends and holidays in his computation as required by the applicable rules.

Local Rule of Civil Procedure 72(d)(1) indicates as follows:

> Time for Objections. Any objection to a Report and Recommendation by a magistrate judge shall be filed and served within ten (10) days after such Report and Recommendation is served on the objecting party.

Federal Rules of Civil Procedure 6(a) indicates as follows:

> In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included....When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation.

The R&R was filed on July 22, 2008 and Defendants' Objections were filed on August 5, 2008, exactly ten days after the issuance of the R&R, excluding weekends. Given the applicable rules of timing and computation, Defendants' Objections were timely filed within the 10 day deadline. As such, Plaintiff's request to strike Defendants' Objections should be denied.

**B. <u>This Court Has De Novo Review of the R&R</u>**

Plaintiff argues that the R&R should be adopted by this Court because Defendants' objections were merely a reiteration of its summary judgment brief, and the magistrate had sufficient evidence supporting its conclusions. (Pl.'s Mem. Supp. Reply Defs.' Obj. R&R. at 2-4). If the purpose of filing objections was to only present new arguments not heard by the magistrate judge, then Plaintiff's argument would have merit. However, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Furthermore,

> the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

In this case, Defendants properly request that this Court review the findings they objected to in the R&R because such findings are clearly erroneous and contrary to the evidence, constituting errors of law. *See Young v. Conduction Corp.*, 899 F.Supp. 39, 40 (D.N.H. 1995)(*citing Blinzler v. Marriot Int'l, Inc.*, 857 F.Supp. 1, 2 (D R.I. 1994) ("A magistrate judge's factual finding is considered clearly erroneous when it is contrary to the clear weight of the evidence or when the court has a 'definite and firm conviction that a mistake has been committed'"). Accordingly, it is well within the purview of the district court judge to consider any and all arguments made previously or newly asserted in support of Defendant's objections to the R&R.

### C. Plaintiff's Continuing Violation Claim Fails Because He Has No Hostile Environment Claim.

There is no dispute that Plaintiff filed his charge of discrimination after the expiration of the applicable statutes of limitations. *See* R&R at 14 (stating "it is undisputed that Plaintiff filed his administrative charge of discrimination on August 16, 2006. Thus, only those events that occurred after October 20, 2005 are actionable under Title VII, or after August 15, 2005 are actionable under RIFEPA and RICRA."). The only thing that is disputed amongst the parties is whether the limitation period is tolled by the presence of a continuing violation.

The Supreme Court in *Nat'l R.R. Passenger Corp. v. Morgan*, unequivocally held that "(Title VII) precludes recovery for discrete acts of discrimination or retaliation that occur outside the statutory time period." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 105 (2002). It reversed a Court of Appeals finding that the continuing violation theory applied to "serial violations" as long as one act falls within the charge filing period, limiting the continuing violation theory to hostile work environment claims. *Id.* at 114-115. As set forth in Defendants' Memorandum of Law Supporting Objections, Plaintiff has not asserted a hostile environment claim. Instead, Plaintiff alleges very specific and discrete acts of discriminatory conduct allegedly committed by Supancic. (*See* Complaint).

Plaintiff argues that the Court's recommendation is supported by *Morgan*, a hostile work environment case. (Pl.'s Mem. Supp. Reply Defs.' Obj. R&R. at 3.) Plaintiff also cites to the R&R and it's reliance upon *Morgan* to find a continuing violation in Plaintiff's "hostile environment" claim. (*Id.*). However, Plaintiff's allegations are that he was "subjected to discriminatory and unfair treatment in his performance review, pay, and job assignments by Defendants." (Complaint at ¶ 40). *Morgan* finds such claims to be assertions of discrete acts of discrimination, not subject to the continuing violation protections. *See Morgan*, 536 U.S. at 113-

114 ("discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges. Each discrete discriminatory act starts a new clock for filing charges alleging that act."). Under such circumstances, and pursuant to the authority set forth in *Morgan*, Plaintiff is not entitled to even advance the continuing violation argument.

Even if Plaintiff had asserted a hostile work environment claim, the evidence does not support a finding that "the workplace [was] permeated with 'discriminatory intimidation, ridicule, and insult,' that is 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment,'" which is the standard of proof that would be applied to such a claim. *Morgan*, 536 U.S. at 116. Certainly, the sole existence of a negative performance review by a subsequent manager would not suffice to support such a claim. *See, e.g. Cruse v. G & J USA Publishing*, 96 F.Supp.2d 320, 329-30 (S.D.N.Y. 2000) (finding that a negative performance review from a subsequent manager was insufficient to support claim of race discrimination).

Because Plaintiff has not asserted a hostile work environment claim, it was error for the magistrate judge to consider Plaintiff's continuing violation argument and find the existence of a continuing violation pursuant to *Morgan*, a case cited and relied upon by both Plaintiff and the R&R. Plaintiff's claims should therefore be dismissed as time barred.

### D. Plaintiff Has The Burden Of Proving That Defendant's Attendance Expectations Are Not Legitimate.

Plaintiff and the R&R incorrectly placed the burden on the Defendant to prove its legitimate nondiscriminatory reason for the allegedly adverse employment actions complained of. (R&R, p. 21). In a discrimination case, Plaintiff must show: (1) he is a member of a protected class, (2) he was performing his job satisfactorily and to his employer's legitimate expectations, (3) he suffered an adverse employment action, and (4) he was treated less favorably

than someone outside his protected class. *Ashley v. Paramount Hotel Group, Inc.*, 451 F.Supp.2d 319, 330 (D.R.I. 2006). If established, Defendant is only required to articulate a legitimate, nondiscriminatory reason for its decision. *Id.* The ultimate burden of persuasion remains with the plaintiff. *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 256 (1981).

Even if the Plaintiff was able to present a *prima facie* case of discrimination, Defendant articulated its legitimate, nondiscriminatory reason in accordance with the law. It was improper to require the Defendant to *prove* its reason was in fact legitimate. (R&R, p. 23). Instead of requiring Plaintiff to prove that the reason articulated by Defendant was false or pretextual, the R&R faulted the Defendant for failing to prove the validity of its reason. (*Id.*). Accordingly, the Court held that Plaintiff was not required to produce additional evidence aside from its *prima facie* case. (*Id.*). Furthermore, the R&R cited no support that other employees were actually treated differently or that Defendant actually did not have any legitimate attendance expectation. (R&R, p. 21 -23). No such evidence has been advanced or presented by the Plaintiff.

Mere allegations from the Plaintiff does not equate to competent evidence necessary to support a genuine issue of fact. *Lewis v. Gillette Co.*, 22 F.3d 22, 24 (1st Cir. 1994)(stating the party opposing summary judgment may not rest upon mere allegation or denials of his pleading, but rather sufficient competent evidence). In this case, it was error for the magistrate judge not to accept Defendants' legitimate nondiscriminatory reason for the actions taken and complete the legal analysis. Defendant's satisfied their burden of articulating a legitimate, nondiscriminatory basis for its actions. Had such analysis been rightly considered, the appropriate recommendation would be to dismiss Plaintiff's race discrimination claims on the merits. Defendants respectfully request that this Court rightly consider Plaintiff's claims of race discrimination and dismiss such claims as a matter of law with prejudice.

### E. Whistleblower Protection

Defendants stand by their prior arguments on this issue. Plaintiff takes significant time to point out that no authority exists which interpret the RIWPA and that Defendants arguments had not been previously raised. (Pl.'s Mem. Supp. Reply Defs.' Obj. R&R. at 10-11). Defendants acknowledge that these are issues of first impression before this Court, which is why all of the persuasive authority was included. Defendants have also ordered a copy of the oral argument transcript which will reflect a discussion about the policy considerations that should be taken into consideration if the Court deems the Plaintiff's activity to be protected by the Whistleblower Act. In accordance with their prior argument, Defendants continue to believe that the theory and policy considerations do not extend whistleblower protections to those who merely send an original report up the chain of command. Therefore, Defendants respectfully request that this Court find that Plaintiff's whistleblower claims fail as a matter of law.

## III. CONCLUSION

There are no disputed material facts in this case. Plaintiff's factual allegations of race discrimination are time barred and his claims should be dismissed. To the extent any such factual allegations are not time barred, they are insufficient to support his claims. Finally, Plaintiff is not a whistleblower and should not be extended whistleblower protections. Defendants respectfully request that this Court dismiss Plaintiff's claims in their entirety with prejudice.

LOCKHEED MARTIN CORPORATION AND
CARL SUPANCIC
By their Attorney,

MILLER & MARTIN PLLC

/s/ Tamika R. Nordstrom
Tamika R. Nordstrom MN#275463
1170 Peachtree Street, N.E., Suite 800
Atlanta, Georgia 30309-7706
Telephone: 404.962.6413
Facsimile: 404.962.6315
Email: tnordstrom@millermartin.com

and

/s/ Mark T. Reynolds
Mark T. Reynolds, Esq. #4764
REYNOLDS, DeMARCO & BOLAND LTD.
170 Westminster Street, Suite 200
Providence, Rhode Island 02903
Telephone: 401.861.5522
Facsimile: 401.331.4861
Email: mtreynolds@conversent.net

CERTIFICATION

I hereby certify that on August 27, 2008 I served a copy of the within electronically upon:

Michael F. Drywa, Jr., Esquire
michael@simsandsimsllp.com

/s/ Tamika R. Nordstrom