UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

AZELL MALONE,
      Plaintiff,

v.                                               C.A. No. 07-65ML

LOCKHEED MARTIN CORPORATION,
CARL SUPANCIC,
      Defendants.

## ORDER AND MEMORANDUM

Mary M. Lisi, Chief United States District Court Judge.

Upon invitation by this Court, the parties in this employment discrimination case have filed post-judgment memoranda to address the issue of duplicative damages. For the reasons stated below, the Court deems it necessary to adjust the jury verdict in order to avoid double recovery for Plaintiff's injuries.

### Background and Travel

Plaintiff Azell Malone ("Malone") sought compensatory damages for emotional distress and punitive damages after asserting claims of race-based employment discrimination and retaliation under Title VII, the Rhode Island Fair Employment Practices Act ("FEPA"), and the Rhode Island Civil Rights Act ("RICRA"), as well as a claim under the Rhode Island Whistleblower Protection Act ("WPA"). With the exception of the RICRA claim, all claims were directed against Malone's employer, Defendant Lockheed Martin Corporation ("Lockheed Martin"); the RICRA claim was directed against Lockheed Martin and

1

Malone's former supervisor Defendant Carl Supancic ("Supancic"). Following a four-day jury trial, the jury found for Malone on all claims and awarded him $125,000 each in compensatory and punitive damages on the Title VII claim; $125,000 each in compensatory and punitive damages on the FEPA claim; $500,000 each in compensatory and punitive damages on the RICRA claim; and $500,000 in compensatory damages on the WPA claim[1].

Prior to directing the jury to deliberate, the Court advised the parties that, if the jury verdict resulted in a duplication of damages, the Court would make appropriate adjustments. After the jury returned its verdict, the Court requested the parties to submit memoranda for the limited purpose of advising the Court how the verdict should be entered in the record with respect to the three discrimination claims.

The Plaintiff has requested that each of the awards for compensatory and punitive damages on the three discrimination claims be allowed to stand as separate awards, to be aggregated for a total of $1.5 million. In essence, the Plaintiff argues that an award under Title VII does not preclude him from recovering separately on the two state discrimination claims and that separate awards on each of the two state claims would not be duplicative, either.

---

[1] It is undisputed that the WPA does not provide for punitive damages. See R.I. Gen. Laws §28-50-4.

The Defendants, on the other hand, argue that Malone's injury of emotional distress, while asserted under a federal and two different state statutes, is supported by the same factual evidence and that, therefore, a separate award on each claim would be duplicative. In addition, the Defendants suggest that Malone should recover only the lesser amount of $125,000 for compensatory damages awarded on the Title VII and the FEPA claims because the $500,000 awarded on the RICRA amount cannot be considered compensatory as it "indicates an intent to punish Defendant Carl Supancic." Defendants' Mem. at 4.

## Discussion

It is well established that a plaintiff may not collect double awards for the same injury. Bogan v. City of Boston, 489 F.3d 417 425 (1st Cir. 2007)(stating that, if a federal and a state claim "arise from the same operative facts, and seek identical relief, an award of damages under both theories will constitute double recovery"); Freeman v. Package Machinery Co., 865 F.2d 1331, 1345 (1st Cir. 1988)(Plaintiff is limited to one full recovery "no matter how many different legal grounds may support the verdict"). The purpose of compensatory damages is to make the defendant whole, not to enrich him or her. Dopp v. HTP Corp., 947 F.2d 506, 517 (1st Cir. 1991)(noting that "the law abhors duplicate recoveries.") Moreover, in civil rights cases, compensatory damages are intended to "remedy only <u>actual injuries</u> caused by a deprivation of

constitutional rights and not 'the abstract value'" of the constitutional rights themselves. Acevedo-Garcia v. Monroig, 351 F.3d 547, 567-68 (1st Cir. 2003)(emphasis in original).

Ordinarily, duplicative damages for multiple claims based on the same injury can be avoided by asking the jury to make separate findings regarding liability for each claim and then determine the appropriate damages for the asserted injury. See e.g. Britton v. Maloney, 196 F.3d 24, 32 (1st Cir. 1999)("If the parties explicitly agree that the damages should be the same on each claim," the jury can be provided special interrogatories with "only a single line for damages.") However, in the event that there is some overlap between the claims but the amounts awarded "could conceivably differ depending on the claim," it is up to the court "to make the appropriate adjustments to avoid double recovery." Id. In the case before the Court, the Title VII claim and the FEPA claim involved only the corporate defendant, whereas the RICRA claim involved both the corporate and the individual defendant.  As the Plaintiff confirmed that he was proceeding on all three theories, the jury was given an opportunity to award separate damages on each of the three discrimination claims.  Nevertheless, it is undisputed that all three claims required proof of the same elements and arose from the same operative facts.

Title VII contains an express prohibition against limiting state remedies, see 42 U.S.C. § 2000e-7, but that does not negate

the broader prohibition against double recovery.[2] Passantino v. Johnson & Johnson Consumer Products, 212 F.3d 493, 510 (9th Cir. 2000)(noting local jurisdiction's prerogative to provide greater remedies for employment discrimination than Title VII). Consequently, courts have used their discretion to fashion a remedy that would provide full and fair recovery to a plaintiff without duplicating the damages for the same injury. See e.g., Rodriguez-Torres v. Carribean Forms Manufacturer, Inc., 399 F.3d 52,66 (1st Cir. 2005)(collecting cases)(affirming allocation of damages for parallel state and federal claims that allowed plaintiff maximum recovery without duplicating the damages); Passantino v. Johnson & Johnson Consumer Products, 212 F.3d at 509-510 (affirming re-allocation of undifferentiated jury award to afford remedy in excess of Title VII limit and without duplication of damages).

The First Circuit has instructed that a district court has a "general obligation to preserve lawful jury awards to the extent possible." Rodriguez-Torres v. Carribean Forms Manufacturer, Inc., 399 F.3d at 66. In the instant case, the jury awarded a significantly larger amount on the state claim that was directed

---

[2] **42 U.S.C. § 2000e-7 Effect on State laws** provides:
Nothing in this subchapter shall be deemed to exempt or relieve any person from any liability, duty, penalty, or punishment provided by any present or future law of any State or political subdivision of a State, other than any such law which purports to require or permit the doing of any act which would be an unlawful employment practice under this subchapter.

against both Defendants, Lockheed Martin and Supancic. The Defendants suggest that such a distinction indicates the jury's intent to punish Supancic rather than to compensate Malone. However, it is equally plausible that the jury believed that Malone incurred greater emotional distress from Supancic's conduct and/or that it considered such conduct to be particularly blameworthy. Consequently, the Court believes that the award on the RICRA claim, while it clearly contained significant overlap with the other discrimination claims, can also be differentiated on that basis alone.

Therefore, in order to preserve the jury award to the extent that it is not duplicative, the Court orders that the awards made by the jury on the Title VII and the FEPA claims will be subsumed under the award on the RICRA claim, resulting in a total award of $500,000 in compensatory damages and $500,000 in punitive damages on the Title VII claim, the FEPA claim, and the RICRA claim, in the aggregate.

Finally, the Defendants argue that a separate award on the WPA claim is also duplicative because it is based on the same evidence. However, it is clear that the elements of the WPA claim differ from those of the three discrimination claims, as does the underlying conduct giving rise to the claim. Moreover, it could be argued that Malone's emotional distress over receiving a reprimand following the involvement of several of his subordinates in

unlawful conduct constitutes a different injury from the emotional distress resulting from changes in Malone's job title or work assignments. Consequently, there appears to be no duplicity of damages with respect to the verdict on the WPA claim and the award of $500,000 compensatory damages remains unaffected by this Court's ruling.

## Conclusion

For the reasons stated herein, the clerk is directed to enter the following judgment:

1. With respect to claims pursuant to Title VII, FEPA and RICRA, for the plaintiff, Azell Malone, the amount of $500,000 in compensatory damages, in the aggregate, and $500,000 in punitive damages, in the aggregate;

2. With respect to the whistleblower claim, for the plaintiff, Azell Malone, the amount of $500,000 in compensatory damages.

The parties are directed that any motions for judgment as a matter of law pursuant to Fed. R. Civ. P. 50 and for a new trial pursuant to Fed. R. Civ. P. 59 must be filed no later than 10 days after entry of judgment.

SO ORDERED:

_____
Mary M. Lisi
Chief United States District Judge
Date: May 14, 2009